UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CR-00480 HEA |
| | ) | |
| LEAMAN GEORGE CREWS III, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lindsay McClure-Hartman, Assistant United States Attorney for said District, and for its Sentencing Memorandum, states as follows:

The Federal Grand Jury in the Eastern District of Missouri, returned an indictment charging Defendant Leaman Crews with five counts of wire fraud in violation of 18 United States Code, § 1343 on June 7, 2018. The Defendant entered a guilty plea on January 22, 2019 to all five counts of wire fraud. Defendant's sentencing is set for July 16, 2019. The Government agrees with the conclusion reflected in the Final Presentence Investigation Report ("PSR") that the total offense level applicable in this case after all enhancements is *24*. PSR ¶40. The defendant has a criminal history category of I. PSR ¶44. Therefore, the advisory guideline imprisonment range as reflected in the PSR is *51 - 63 months*. PSR ¶72. In accordance with USSG §2B1.1, these offense level calculations are based upon a loss of more than $1,500,000, but less than $3,500,000. In this memorandum, the Government will present evidence that the loss to the victim company is

1

$1,851,520.  For the reasons that follow, the Government requests a sentence of imprisonment within the guideline range of **51 - 63** months on counts 1-5.  The Government also requests that any period of incarceration be followed by a period of supervised release of 3 years.

I.      Characteristics of the Offense

Brewer Science Incorporated (hereinafter "BSI") is a technology company that develops and manufactures semiconductors and microelectronic devices with its headquarters located in Rolla, Missouri, in the Eastern District of Missouri.  Defendant Crews was hired by BSI on November 19, 2001 and was promoted to Director of Information Systems on November 16, 2011.  As part of his employment, Defendant Crews was responsible for purchasing software and computer equipment on behalf of BSI.  In order to purchase software equipment for the company, Defendant Crews was given a BSI company credit card.

BSI company policy required an expense report be submitted for each charge made to the BSI credit card.  Defendant Crews connected the BSI company credit card to a PayPal account in his name (hereinafter "Leaman Crews PayPal account").  Defendant Crews routed payments from BSI to a second PayPal account in the name of W.F. (hereinafter W.F. PayPal account).  Further, defendant Crews associated the email address Mac Store Los Angeles at gmail.com, with the W.F. PayPal account in order to falsely represent this PayPal account belonged to a true vendor of software and computer equipment to BSI.

From May 2008 to August 2017, Defendant Crews knowingly charged the BSI company credit card for fictitious purchases of software and computer equipment.  Rather than using the BSI credit card to purchase software and computer equipment for BSI, defendant Crews knowingly used the BSI credit card to fund transfers from the Leaman Crews PayPal account to

2

the W.F. PayPal account. After creating such wire transfers, defendant Crews would provide false and fraudulent "expense reports" to BSI purportedly justifying the use of the BSI credit card to fund transfers to the W.F. PayPal account. In reliance upon the false and fraudulent "expense reports" submitted by Defendant Crews, BSI would pay the balance on Defendant Crews' BSI credit card.

II.     Determination of the Guideline Range

In determining the applicable guideline range, the Court should first determine the range based upon all relevant enhancements and the defendant's criminal history. *United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005) (incorporating by reference *United States v. Booker*, 543, U.S. 220 (2005). Then the Court makes a determination regarding whether any guideline departures apply. *Id.* Finally, the Court determines if the guideline range is reasonable considering all factors listed in Title 18, United States Code, Section 3553(a). *Id.*

A.  Loss Amount

The parties to this matter have not reached an agreement concerning the amount of loss. Without citing support for his contention, Defendant Crews contends the loss is more than $550,000, but less than $1,500,000. Jeffrey Slazinik, a Forensic Analyst with the Federal Bureau of Investigations, has prepared a summary of his review of bank records, credit card account statements, and PayPal wire transfers, attached hereto as Exhibit A. In Exhibit A, Slazinik outlines that between May 2008 and August 2017, Defendant Crews charged payments made from his Leaman Crews PayPal account to the W.F. PayPal Account on the BSI credit card in the amount of $1,851,520.32. This loss amount is corroborated by the monthly expense reports supplied by BSI and the PayPal account records, both of which were provided to Defendant Crews in

discovery. For each of the charges made to the BSI credit card calculated above, Defendant Crews submitted a fraudulent expense report. BSI did not receive any goods or services in exchange for the $1,851,520.32 in charges Defendant Crews made to the BSI credit card.

Seeking to support his theory of loss, Defendant Crews subpoenaed numerous sets of records from BSI which are outlined by the company, attached hereto as Exhibit B. BSI provided Defendant Crews with a spreadsheet of all of his purchase orders from January 5, 2006 to August 10, 2017—including dates, items purchased, cost, and method of payment among other information. BSI also subsequently produced Defendant Crews' calendar of events from January 1, 2008 until his termination, and a list of all purchase orders from January 1, 2008 through the present for 16 other BSI employees, in addition to Defendant Crews. As these searches did not produce any evidence supporting a reduction in the loss calculation, Defendant Crews requested a list of all items received by BSI without an accompanying purchase order. BSI performed a search of all items received by the IT Department without a corresponding purchase order from May 2, 2008 to August 2, 2017. BSI found that there were no items received without a corresponding purchase order, with the exception of one personal item received at the shipping and receiving dock for a different IT employee. There is simply no evidence to support Defendant's theory that the loss is less than the straightforwardly-calculated $1,851,520.32. Accordingly, the Government asks that the Court find the loss of $1,851,520.32 was correctly calculated by the Government and the Presentence Investigation Report (hereinafter "PSR").

B. Applicable Specific Offense Characteristics

Further, the Government contends that Defendant Crews' conduct involved sophisticated means in which he intentionally engaged to make his fraud more difficult to detect. As such, he

4

is subject to a **2** point enhancement in accordance with USSG § 2B1.1(b)(10)(C). The PSR supports the application of this enhancement and Defendant agreed to the application of this enhancement in his Plea Agreement.

Defendant Crews is subject to an additional **2** point enhancement under USSG § 3B1.3 as he was the Director of Information Systems for BSI with the authority to purchase software and computer equipment on behalf of the victim company, abusing a position of private trust. This enhancement is supported by the PSR and accepted by Defendant in his Plea Agreement.

Accordingly, the Defendant's guidelines are **24**, after adjusting for Acceptance of Responsibility, resulting in a guideline range of imprisonment of **51 – 63** months.

III.   Sentencing Objectives

Pursuant to 18 U.S.C. § 3553(a)(2), a court's imposed sentence must reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. A custodial sentence within the applicable guideline range would adequately address these sentencing goals in the instant case.

   A. Nature and Circumstances of the Offense and History and Characteristics of the Defendant

Defendant Crews was a trusted, long-time employee of BSI. He was promoted to the position of Director of Information Systems and he used the knowledge and skill he acquired in that position to perpetrate a nearly decade-long fraud against his employer. At no point during that ten-year period did Defendant Crews attempt to inform his employer of the fraud, or make the company whole by paying BSI back, until ordered to do so. Although the defendant has no prior criminal history, his fraud lasted for many years and involved uninterrupted deceit and theft. Further explanation of the effect this crime has had on the victim is laid out in a previously filed

5

Sentencing Letter from Dr. Terry Brewer, the President and Founder of BSI.  (Doc. 54).

  B.  Seriousness of the Offense

  The sentence must reflect that Defendant Crews used the trust and authority bestowed upon him by his employer to perpetrate this long-lasting fraud.  Defendant's conduct occurred over many years and resulted in a nearly two million dollar loss to the victim.  In Defendant Crews' Sentencing Memorandum, he argues that his opioid addiction somehow mitigates the seriousness of his offense.  While opioid addiction is undoubtedly a significant problem in the United States, there is no tenable argument that Defendant's addiction absolves him of the crime he committed over a decade.  At <u>no point</u> during the perpetration of the fraud did Defendant Crews seek treatment for his opioid addiction.  Defendant Crews is currently getting treatment, and contrary to the assertions in his Sentencing Memorandum, he will continue to have access to and receive the many treatment options available in the Bureau of Prisons (hereinafter "BOP").  Addiction is a common issue facing BOP inmates, and the BOP is fully capable of addressing a wide-range of addictions.

  C.  Afford Adequate Deterrence to Criminal Conduct and Protect the Public

  The advisory guideline sentence of ***51 - 63*** months is an appropriate deterrent to the Defendant and other white collar criminals.  Financial crime is, more than any other type of crime, subject to a defendant's cost-benefit analysis: how much prison time is worth stealing 1.8 million dollars?  Certainly, the Defendant's proposed sentence of probation would make the time worth the money he defrauded from BSI.  However, a sentence of ***51 - 63*** months makes it clear that the fraud was not worthwhile and serves as a deterrent to Defendant Crews and others.

6

WHEREFORE, based on the analysis of the aforementioned § 3553(a) factors, the Government respectfully requests that the Court impose a sentence of *51 - 63 months* of incarceration, to be followed by *3 years* of supervised release.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Lindsay McClure-Hartman*
LINDSAY MCCLURE-HARTMAN #66070MO
Assistant United States Attorney
111 S. 10th Street, Room 20.222
St. Louis, Missouri 63l02
(314) 539-2200

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, the foregoing was filed electronically with the Clerk of the Court, under seal, and was served by operation of the Court's electronic filing system upon the following:

Luke Baumstark
Attorney for Defendant

*/s/ Lindsay McClure-Hartman*
LINDSAY MCCLURE-HARTMAN #66070MO
Assistant United States Attorney
