Case No. 4:18CR00480 HEA

Brewer Science Incorporated statement regarding documents provided to Defendant Leaman Crews:

On November 16, 2018, Leaman Crews' attorney, Luke Baumstark, requested a list of purchase orders by Mr. Crews from 2006 to his termination. On November 27, 2018, Brewer Science sent an 890-line Excel spreadsheet of all of Mr. Crews' purchase orders from January 5, 2006 to August 10, 2017. The spreadsheet included the dates, items purchased, cost, method of payment, and other information.

The following day, November 28, 2018, Brewer Science was also asked to produce Mr. Crews' calendar of events from January 1, 2008 until his termination. It was also requested to provide a list of items received through Brewer Science's Oracle system from January 1, 2008 until present for a list of 16 other Brewer Science employees related to the IT department of which Mr. Crews was formerly a member.

That day, Brewer Science provided .pdf files of Mr. Crews' weekly and monthly calendar from January 2008 to August 2017. It also provided a 4737-line Excel spreadsheet containing all purchase orders from all of the requested employees during the specified timeframe.

On December 5, 2018, Mr. Baumstark then requested a list of items received by Brewer Science without accompanying purchase orders from January 1, 2008 to December 31, 2014. Brewer Science did not initially respond to this request, since to perform a search for items received without a purchase order over a 6-year period would be a daunting task, requiring search through years of paper documents and emails. Additionally, as had already been explained to Mr. Baumstark, Brewer Science has a policy of not accepting items in its shipping/receiving department without a purchase order. Even if an item arrived without a purchase order, a purchase order would be retroactively generated before the item would be released from the shipping/receiving dock to an employee. Therefore, the search would be very work-intensive, and was unlikely to produce any results.

Additionally, it was pointed out to Mr. Baumstark that if the purpose of this search was to find items that were allegedly purchased by Mr. Crews with the misappropriated funds and then shipped to Brewer Science, that Mr. Crews would be in the best position to produce records of such purchases. If Mr. Crews in fact sent Brewer Science funds to his personal PayPal account, and then purchased items from that PayPal account and had them shipped to Brewer Science, then he should have years of digital records, receipts, and transaction reports showing those purchases.

On January 10, 2019, Brewer Science received a subpoena requesting a "List of all items received by the Information Technology Department of your company from 5/2/08 to 8/2/17 without corresponding purchase orders, and a spreadsheet showing all orders by that Department during that time." Brewer Science performed this search, and as expected, found no items received that did not correspond with a purchase order, and one personal item received at the

shipping/receiving dock for a different IT employee. These results were provided to Mr. Baumstark.

Finally, Mr. Baumstark requested additional lists from the Brewer Science IT department of items that IT department employees requested be bought. However, these lists were not responsive to the subpoena, but were rather just "shopping lists" of items to potentially be bought, not lists of items actually bought or received.

Brewer Science is simply not in possession of evidence that any of the money misappropriated by Mr. Crews was used to purchase items for the benefit of Brewer Science, and seriously doubts that any such evidence exists. If it does in fact exist, Mr. Crews is in the best position to provide that evidence.

                                                     Rebecca L. Rich
                                                     Corporate Attorney, Brewer Science, Inc.